In the Middle District of Alabama
15 Lee Street
Montgomery, AL 36104

RECEIVED
2005 DEC -7 A 9:36
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST OF ALA

Herman Paul Johnson
Plaintiff

Complaint
Civil Action No. 2:05cv1157-T

vs.

Donal Campbell Commissioner of the Alabama Department of Corrections; In his Individual and official capacities; Dr. Darbouze in his Individual, official capacity; Warden Mosely, Individual and official capacities; John or Jane Doe, individual and official capacities. Clio Alabama

## I. Complaint

1. Plaintiff Mr. Herman Paul Johnson "Pro Se Representation for his Complaint state as follows":

## II. Parties, Jurisdiction and Venue

2. Plaintiff was confined in the Easterling Correctional Facility located at Easterling Correctional Facility located at 200 Wallace Drive Clio, Al 36017 in the City of Barbour, in the Clio City of the State of Alabama, is currently confined.

-1-

3. Plaintiff Herman Paul Johnson is, and was at all times mentioned herein, an adult citizen of the United States and a resident of the Easterling Correctional Facility.

4. Defendant Donal Campbell is the Commissioner of the Alabama Department of Corrections, was at all relevant times herein. As Commissioner, he is responsible for the development and oversight of all ADOC Policies and Practices, including medical and nutritional care in all ADOC facilities and the monitoring and oversight of health care services that have been contracted out to private providers. Defendant Campbell is Responsible for ensuring that Alabama Prisons operate in a manner that is consistent with the United States Constitution. He is sued in his official and individual capacity.

4. Warden Mosely, "Defendant," was at all times herein the warden or John Doe of the Correctional facility. As Superintendent of the prison, Defendant's "Supra" manages its day-to-day operations and executes its policies.

5. Defendant City of Clio is and was at all relevant times herein a municipal corporation of the State of Alabama.

-2-

6. This action arises under and is brought pursuant to 42 U.S.C. § 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the Eighth and Fourteenth Amendments, "Due Process" to the United States Constitution "Eighth Amendment Right to Medical Care." This Court has Jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Plaintiff claims for injunctive relief are authorized by 28 U.S.C. § 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

8. This cause of action arose in the Middle District of Alabama. Therefore, Venue is proper under 28 U.S.C. § 1391(b).

### III. Previous Law Suits by Plaintiff

9. Plaintiff has filed no other law suits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

### IV. Exhaustion of Administrative Remedies

10. There is no Prison Grievance Procedure at the Easterling Correctional Facility, but Plaintiff complained to Prison authorities on 11-1-05; 11-11-05; 11-9-05. The Prison officials, "HCU" responded to my complaint by 11-23-05. Herman Johnson was released from "HCU" with insulin 2/30. A hormone that facilitates sugar (Glucose) from blood into cells throughout body. He reports no energy. It appears he is not receiving exercise, careful diet and Glucose.

-3-

Eyesight is terrible. One eye blind, urinal is real yellow, no kidney failure, nerves are shot. At night continuous pain. He takes Psychotropic medication. Complains of nerve damage with numbness hands. This inmate complains that he has not been provided medical attention he is entitled to: See Brown v. Harris, 240 F.3d 383, 388 +N.6. (4th Cir. 2001); Chavez v. Cady, 207 F.3d 901, 904 (7th Cir. 2000); Barrie v. Grand County, Utah, 119 F.3d 862, 868-69 (10th Cir. 97); Lancaster v. Monroe County 116 F.3d 1419, 1425 n.6. (11th Cir. 1997); Hare v. City of Corinth 74 F.3d 633, 643 (5th Cir. 1996); See Deshaney v. Winnebago County Dep't. of Social Servs. 489 U.S. 189, 199-200 (1989); Estelle v. Gamble 429 U.S. 97, 104 (1976).

### V. Statement of Claim

11: At all relevant times herein, defendants were "Persons" for purposes of 42. U.S.C. § 1983 and acted under color of law to deprive plaintiff of his constitutional rights, as set forth more fully below.

12: ### Statement of Factual Allegations

Plaintiff Herman Johnson is complaining he is not provided with adequate proper, or regular bathing schedule. He is a Type II, to his understanding insulin dependent diabetic, prisoner in the ADOC, have been on occasions when he went to health care unit complaining of dizziness and

-4-

weakness due to severe low blood sugar. He has not had an HbA1C test, that must be performed every three months. He was on or around 11-9-05 taken to Dothan Alabama. See Stewart v. Murphy 174 F.3d 530 (5th Cir. 1999); Neals v. Norwood 59 F.3d 530, 533 (5th Cir. 95). "Plaintiffs medical claims are serious in the context of his allegations and the medical records in that Herman was advised by a Dothan Alabama "Private" outside medical unit that left eye can be corrected with being provided lenses; but Right eye is irreparable; some peripheral vision. No future eye use. "legally blind." These symptoms occurred in Sept. 2004. Medication prescribed by DR. Darbouze caused condition. Because of medication prescribed; outside doctor said in a year, after release, have eyes checked again. In the mean time, Doctor has ordered that Plaintiff be provided reading glasses. Left eye is good. Right eye is legally blind.

13. On 11-15-05 Ms. Flowers called and advised Plaintiff that he would see Doctor Darbouze. He was in very much pain, he advised prison officials that he could not make the walk from dorm 60b over to health care without need of wheel chair. Official ignored pleas, requests. After he made it over at "HCU", waiting all day, he was not seen by doctor. Legs, calfs, ankles are swelled, he could not go eat at the cafeteria, get out of bed all night, day next.

-5-

Co Black female Correctional officer "Jane Doe", ordered Inmate runner to put up wheel chair that Mr. Herman walked over to Her, That he could walk back! Herman was in pain, Pleaded with officer, who ignored him, threatened to lock him up in Seg if he didn't return to his dorm without wheel chair. He fell on the ground, remained on the ground, in pain, when officer "John Doe", approached him seated on the ground, ignored pleas of Herman's pain, made this inmate stand in Position around 1:30 pm. 11-15-05.

14: As a direct result of the grossly inadequate care provided to Mr. Johnson by the defendants, he is with disabling long term complications. He continues to have numbness in his feet, indicating neuropathy or nerve damage. He has been denied orthopedic shoes and is confined to inadequate care for his illness. Mr. Johnson's poor circulation likely results from blood vessel disease caused by uncontrolled diabetes. If the defendant's practices continue, Mr. Herman Johnson is at a risk of further serious harm, including ongoing damage to his eyes, kidneys, nerves and blood vessels due to inadequate blood sugar control; blindness; kidney failure; lower extremity amputation; heart attack; stroke; and consequent further disabilities. Because he is denied adequate medical attention, he is also at risk for loss of muscle and joint function.

-6-

15: Plaintiff has not received glasses, eye exam to check for glaucoma, cataracts or diabetic retinopathy -- all possible complications for diabetes. Since his incarceration at Easterling within one year ago, he has submitted multiple requests for glasses, to see an eye doctor due to loss of peripheral vision, yet his request has gone unfulfilled. Since his incarceration at Easterling, he has not had a urine microalbumin test to evaluate for early kidney damage. Because Plaintiff's blood sugar is not under good control as a result of the defendant's grossly inadequate care, he experiences frequent incidents of low blood sugar (hypoglycemia), resulting in loss of consciousness and seizures.

16. Mr. Johnson has also been unable to take shower #1 on 11-24-05 around 8:30 PM "waiting to take shower, couldn't the day before because of inadequate shower's, on 11-24-05 Officer Keeton "A black correctional officer". stopped Herman from attempting to get into shower, did not allow Herman to access shower, but allowed "3" black prisoner's to remain in shower area, and take shower. Because of rain, Herman has to clean himself with toilet water.

17. Mr. Johnson has also experienced pain & difficulty trying to walk. His back hurts.

-7-

18. Plaintiff also suffers headaches; deteriorating vision; impairment of daily activities; has trouble sleeping, when he finally sleeps, has nightmares.

19. Plaintiff has lost consciousness, had seizures, fell twice in clinic, fell in the dorm when his head banged repeatedly against hard cement floor during seizure. "However" have fallen when access or opportunity to shower became available, cannot bend showering to wash body without pain. Because of this Herman has to clean himself with toilet water.

20. On several occasions, the nurse has given Herman a form to sign indicating that he had refused medical treatment when he requested supplemental insulin provided around Sept. 2004 at Mobil County Metro Jail, for diabetes, blood sugar was running 200d. No high blood pressure pills. Easterling is totally different. Plaintiff's knees are painful when seated, walking, laying down, he experiences numbness in his feet, a sign of diabetic nerve damage resulting from poor blood sugar control.

21. When Mr. Johnson protested the inadequate medical treatment he has been provided, he was ridiculed. He is charged a $3.00 co-pay when he goes to the infirmary seeking medical treatment for high or low blood sugars, despite the fact that he would not suffer from such problems but for the defendant's grossly inadequate treatment of his diabetes.

on one occasion, Mr. Johnson was late for sick call when the intercom in his dorm was broken and he did not hear the diabetic inmates being called to receive their insulin shots. When he later went to the infirmary to get his shot, the nurse refused to provide it to him. Upon his objection to being denied his medication, an ADOC official threatened Mr. Johnson with punishment in segregation.

22. If the defendant's practices continue, Mr. Johnson is at risk of further serious harm, including ongoing damage to his eyes, kidneys, nerves and blood vessels due to inadequate blood sugar control; blindness; kidney failure; lower extremity amputation; heart attack; stroke; central nervous system damage caused by extreme low blood sugar; and consequent further disabilities.

## VII. Prayer for Relief

23. The defendant's deliberate indifference to the serious medical needs of Alabama inmates with diabetes violates the plaintiffs' rights under the eighth and fourteenth amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983. Wherefore, the plaintiff's prayer for relief is that this Honorable Court grant the following:

24. Declare that the acts and omissions of the defendants violates the eighth and fourteenth amendments to the United States Constitution.

-9-

24. Enter an injunction requiring the defendants, their other agents, employees, and all persons acting in concert with them to cease their unconstitutional and unlawful practices.

25. Plaintiff requests $50,000 as compensatory damages, each defendant.

Respectfully Submitted.

Signed this 1st day of Dec. 2005.

*Herman Johnson*
Herman Paul Johnson


I declare under § 1746 of title 28, penalty of perjury that the foregoing is true and correct.

*Herman Johnson*
Herman Paul Johnson

Date:

Prose Representation:

Certificate of Service

I hereby certify that I have delivered via United Postal service fully prepaid Summons, Complaint to the following: Clerk, Middle District of Alabama 15 Lee Street Montgomery, Al · 36104