IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HERMAN PAUL JOHNSON, #242 189 | * | |
| Plaintiff, | * | |
| v. | * | 2:05-CV-1157-WKW |
| | | (WO) |
| DONAL CAMPBELL, *et al.*, | * | |
| Defendants. | * | |

**ORDER ON MOTION**

Plaintiff submitted a pleading December 22, 2005 styled as an *Amendment to Complaint*. (Doc. No. 3.) In this pleading, Plaintiff names additional defendants to this cause of action and presents additional facts in support of the complaint.

Upon consideration of Plaintiff's amended complaint, which the court construes as a motion to amend complaint to name additional defendants and present additional facts in support of the complaint, the court concludes that the motion is due to be granted in part and denied in part.

Plaintiff seeks to name the following individuals or entities as additional defendants:

• Correctional Officers Drake, Smith, and Crawford

• Nurse Shehan

• Barber's Dairy

• The Easterling Correctional Facility

Plaintiff's request to add the Easterling Correctional Facility as a defendant will be denied. The Easterling Correctional Facility is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought.

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984).

Plaintiff's request to add Barber's Dairy as a defendant will be denied. To state a viable claim for relief under § 1983, a plaintiff must assert "both an alleged constitutional deprivation ... and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). The fact that Barber's Dairy supplies milk to a correctional institution does not elevate its status to an entity which acts under color of state law and/or which may be considered a state actor.

Plaintiff's request to add Nurse Shehan as a defendant will be denied. Plaintiff alleges that Nurse Shehan cursed at him when he arrived for a medical appointment. Verbal harassment and abuse and mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.3d 143, 146 (5th Cir. 1983); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973).

Plaintiff's request to amend his complaint to add Officers Keeton, Crawford, and Smith as defendants shall be granted with respect to his allegation that these officers made him the target of harassment and retaliation after he filed his lawsuit by interfering with his ability to access medical care.

Plaintiff's request to amend his complaint to add a claim that on November 24, 2005 Officer Keeton did not allow Plaintiff to shower will be denied. This allegation fails to state a claim on which relief may be granted. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988) (temporary neglect of prisoner's hygienic needs is insufficient to establish an Eighth Amendment violation).

Plaintiff's request to amend his complaint against Defendants Campbell, Mosley, and Darbouze by providing additional facts in support of the original complaint will be granted.

Accordingly, it is ORDERED that:

1. Plaintiff's December 22, 2005 pleading, construed as a Motion to Amend Complaint to Name Additional Defendants and Facts in Support of Complaint (Doc. No. 3) is GRANTED in part and DENIED in part;

2. Plaintiff's Motion to Amend Complaint to name Nurse Shehan, the Easterling Correctional Facility, and Barber's Dairy as additional defendants is DENIED;

3. Plaintiff's Motion to Amend Complaint to name Correctional Officers Keeton, Smith, and Crawford as additional defendants is GRANTED with respect to his allegation that these officers harassed him and retaliated against him after he filed this lawsuit by interfering with his ability to access health care;

4. Plaintiff's Motion to Amend Complaint to assert a claim that Officer Keeton denied him a shower on November 24, 2005 is DENIED;

5. Plaintiff's Motion to Amend Complaint to add additional factual allegations against Defendants Campbell, Mosley, and Darbouze in support of the original complaint is GRANTED;

6. Defendants shall undertake a review of the subject matter of the complaint, as amended, (a) to ascertain the facts and circumstances; (b) to consider whether any action should be taken to resolve the subject matter of the complaint; and (c) to determine whether other similar complaints, whether pending in this court or elsewhere, should be considered together.

7. Defendants shall file an answer and written report containing the sworn statements of all persons having knowledge of the subject matter of the complaint, as amended. This report shall be filed with the court and a copy served upon Plaintiff within forty (40) days of the date of this order. Authorization is hereby granted to interview all witnesses, including Plaintiff. <u>Whenever relevant, copies of medical and/or psychiatric records shall be attached to the written report.  Where</u>

<u>Plaintiff's claims or Defendants' defenses relate to or involve the application of administrative rules, regulations or guidelines, the written report shall include copies of all such applicable administrative rules, regulations or guidelines;</u>

8. <u>No</u> motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the complaint, as amended, be filed by any party without permission of the court. If any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court; and

9. The CLERK of Court IS DIRECTED to furnish a copy of this order to Plaintiff and a copy of this order and amendment to the complaint to Defendants Darbouze, Campbell, Mosley, Keeton, Smith, and Crawford, to General Counsel for the Alabama Department of Corrections, to General Counsel for Prison Health Services, Inc., and to the Attorney General for the State of Alabama.

DONE, this 13th day of February, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE