Court

THE United STATES District Court For The Middle District
oF AlAbAmA Northern Division

RECEIVED
2006 FEB 10 A 9:28

Herman Paul Johnson #292189
            Plaintiff
        V.

AlAbAmA DePartment oF Corrections
        et Al.. DefendAnts

CiV AcT. 02:05-CV-
1157-WKW (WO)

Clerk:

moTion For Leave To File Amended ComPlAint
Pursuant To Rule 15(A) And 19(A) oF FR Civ. P.

The undersigned claimant "Herman Paul Johnson.
requests the Permission of the Court to File the
AttAched claim against the "STATE oF AlAbAmA.
DepArtment oF Corrections, Pursuant to herman V.
Davis 371 U.S. 178. 83 S. Ct. 327 (1962); BArtens
V. Munnell . 507 F. 2d 962 (7th Cir. 78) (trial
Court mAy not deny leAve to Amend without Justif.
ying reason). In Support of motion For Permis-
sion to File this claim. Plaintiff respectfully
Submits that:

1. The incident underlying these claim's [Count #4];
occurred on 1-29-06 through 2-7-06:

a. The occurrence took Place in dorm leb At EAste-ling
Correctional Facility.

-1- oF [8 ] ATTAchment

Court

3: The Negligence of the defendants Consists of those acts Alleged in Counts one through three of Complaint Civil Action 2:05-cv-1157-wkw, all Paragraphs of the claims hereby incorborated as if fully restated herein.

4: Almost immediatly after Plaintiff filed Complaint, Dr. Darbouze ordered that Herman A layin ProFile 10-14-05 for 6 months. Lt. Lee, Lt.pt. Knox threatened to Lock Prisoner [Plaintiff] up if he didn't get up out of bed, saying, "There is No more layin Profiles, would not review Profile and said, "that is No Issued As far as I am Concerned, And Ran Sick Prisoner out side in the Cold whether, refeatedly harassed And Caused harm to Plaintiff in retaliation; H.C. by Hewitt v. Jarrard, 786 F. 2d 1080, 1086-87 (11th Cir. 86); Harris V. Coweta CountY 21 F. 3d 388, 394 (11th Cir. 94); WAShington v. Dugger, 860 f. 2d 1018, 1021 (11th Cir. 1988); Gordon v. Faber 973 F. 2d 686, 687-88 (8th Cir. 92); Del Raine v. williford 32 F. 3d 1024, 1031 (7th Cir. 1994); (inmate forced to Strip search in brutal Cold)—
[Please see Par. 14 Infra]

5: On 1-29-06 Around 9:AM Herman was scheduled For medication And as Herman was there At 9:AM C.O. Asked Prisoner, "what do You want? Prisoner answered he Came for his medication and Co Commanded, they done hadit. Leave or Your Going to Lock up! Prisoner [Plaintiff] did not recieve medication And left because Co threatened to lock him up if he did not return to his assigned dorm. Officer was Black. John Doe at this time.

Cavi

L: on 2-3-06 Mr. Johnson (Plaintiff) is still affected by inadequate Food, medical care, and his safety is threatened. Farmer, 511 u.s. at 832 (quoting Hudson v. Palmer, 468 u.s. 517, 526-27 (1984); Johnson v. Lewis, 217 f.3d 726, 732 (9th Cir. 2000), cert. denied, 121 S. Ct. 2215 (2001), See Also Hoptowit v. Ray, 682 f.2d 1237, 1259 (9th Cir. 1982); See Gordon v. Faber 973 f.2d 686, 687-88 (8th Cir. 92) (official violated Eighth Amendment by keeping inmates outdoors in bitterly cold weather without hats and gloves for one to two hours). The meals contain insufficient nutritional value to preserve health. Green v. Ferrell, 801 f.2d 765, 770 (5th Cir. 86); Food that is inadequate in Amount Cooper v. Sherriff, Lubbock County 929 f.2d 1078, 1083 (5th Cir. 91); Hazen v. Pasloy 768 f.2d 226, 228, (8th Cir. 1985); Food contains occasionally foreign objects or some times is served cold; Plaintiff still has nose bleeds. Hughes v. Joliet Correctional Ctr. 931 f.2d 425, 428 (7th Cir. 1991); Helling v. Mckinney, 509 u.s. 25, 33 (1993); Harris v. Angelina County 21 f.3d 331, 334-36 (5th Cir. 94); Ruiz v. Estelle 679 f.2d 1115, 1141; Jordan v. District of Columbia 824 f.2d 1049, 1063 (D.C. Cir. 87); See Newman v. State of Alabama 683 f.2d 1212 (1982; See Hutto v. Finney 437 u.s. 678, 690, 98 S. Ct. 2565, 2573, 57 L. Ed. 2d 522 (1978).

Cont'

7. Plaintiff Still experiences unremitting Pains, Knee injury from fall in Shower, Glasses were Stolen, Reported to Capt. Scanders describing endured Pain, who So far responded by ignoring him. Dixon V. Godinez 114 F.3d 640, 644 (7th Cir. 97);

8. on 2-5-06 Plaintiff had Appointment at 8:Pm Advising Cor. officer Blackman [in cube] Yelled and threatened to lock inmate up For requesting to be let out For 8:Pm Appointment and Blackman "Said to JohnSon, Shut Your mouth" Leave me Alone! To, Not bother him! And Blackman Slammed Shut the metal draw'er from inside Cubicle.

9. Plaintiff realleges and incorporates by reference his Allegations in Paragraphs 1 through 8 as if Fully restated herein.

10. The Accepted medical Practices were at the time. SPicer v. WilliamSon 191 N.c. 487, 490; 132 S.E. 291, 293 (1926); Brown v. Harris 240 F.3d 383, 388 + n.4 (4th Cir. 2001); Chavez v. Cady 207 F.3d 901, 904 (7th Cir. 2000); Barrie v. Grand County, Utah, 119 F.3d 862, 868, 69 (10th Cir. 97); Lancaster v. Monroe County, 116 F.3d 1419, 1425 n.6 (11th Cir. 97); See Collignon v. Milwaukee County, 163 F.3d 982, 988-89 (7th Cir. 98);

4- Ex ob Attachment

Court

Hare v. City of Corinth 74 F.3d 633, 643 (5th Cir. 96); See Deshaney v. Winnebago County Dept. of Social Serv's. 489 U.S. 189, 199-200 (1989); Estelle v. Gamble 429 U.S. 97, 104 (1976).

II:    The United States Supreme Court concluded that medical care is a condition of confinement that is protected by the eighth Amendment guarantee against cruel and unusual punishment. Estelle v. Gamble 429 U.S. 97, 97 S.d. 285, 50 L.Ed 2d 251 (1976); Anderson v. City of atlanta 778 F.2d 678, 686 (11th Cir. 85); officials refused to allow inmate to take his medication until hours after his prescribed time. Tolly v. Badgett 144 F.3d 573 (8th Cir. 98); This was deliberate indifference because prisoner did suffer bad effects from missing the medication. Smith v. Carpenter. 316 F.3d 178 (2d Cir. 2003); Brown v. Coleman 60 F.3d 837 (10th Cir. July 12, 95); See Brice v. V.A. Beach Corr. Ctr. 58 F.3d 101, 105 (4th Cir. 95);

Even a guard able to prove that he was in fact oblivious to an obvious injury... may not escape liability: (elaborating that "A prison official cannot hide behind an excuse that he was unaware of a risk. No matter how obvious). or, Negligence was grounds for liability in Todaro v. Ward 565 F. 2d 48, 52 (2d Cir. 77); and repeated examples of such

of such treatment indicated a deliberate indifference by Prison Authorities. Denial of medication caused pain, discomfort, threat to health. Plaintiff and facts do not fail to STATE a claim. Rule 12 (b)(6): United States v. Gaubert 499 U.S. 315, 327 (1991); Scheuer 416 U.S. at 236-37: Complaint under 42 U.S.C. §1983 charging Prison officials violated his [8]th Amendment rights by interfering and or denying him medical treatment and his Fourteenth Amendment right to due process. "Blackman' supra". has also misused property of the STATE of Alabama. "Code of Ala. 1975: Title -14- By not taking medication as prescribed by doctor, on time effects: Affected with a public interest effects Plaintiff by distorting his vision, headaches and vision continues to get worse, gets dizzy, becomes nauseating, defecation.

12: The voluntary cessation of allegedly illegedly illegal conduct does not deprive the tribunal of power to hear and determine the case. i.e. does not make the case moot, because "otherwise": the defendants are free to return to their old ways. Estelle v. Gamble 429 U.S. at 104-05: Such conduct amounts to deliberate indifference. Howell v. Evans 922 F.2d 712, 723 (11th Cir.); Washington v. Dugger 860 F.2d 1018, 1021 (11th cir. 88).

Court

13.   Officials may not Substitute their Judgment for a medical Professionals Prescription or order." Chavez v. Cady 207 F. 3d 901, 903 (7th Cir. 2000); Ralston v. MC Govern 167 F. 3d 1160, 1162 (7th Cir. 99); Johnson v. Hay 931 F. 2d 456, 461 (8th cir. 91);

14.   officer Baily Approached Plaintiff [inmate] Aggres- ively Stripped Searched Plaintiff, made Prisoner Stand Nude in the Cold Isle of the Dorm; Prisoners Present taunted inmate restrained in the Nude, and Searched through All of his Property, destroyed such, took Pillow, when infirmary advised in- mate that he could have Pillow; Tore Property Apart. on 2-7-06. [Please Paragraph # 4 "Supra"]

15:   At 12:45 Pm 2-7-06 officer Bailey Slapped Prisoner [3] three times causing Pain and Commanded Herman to Put Coat up [that he was covered up with from the Coldness of the dorm] "inadequate Coat; Bailey said he could not cover up [although he himself had heavey Coat on]; even though Herman reported he was sick: had a baX'in and Baily would not listen. "It is Cold in dorm. At 1:Pm officer Baily walked by Hermans bed and loudly hit locker box repeatedly, Pavlick v. mifflin 90 F. 3d at 209 [ Plaintiff's Are Not reQuired to Produce Smoking Gun of deliberate indif- ference.

16: Plaintiff realleges and incorporates by reference his allegations in Count Three: Retaliatory Treatment and Count [4] Paragraphs 1 through 15 as if fully re-stated herein.

17. These acts Represent a Pattern of events demonstrat-ing intentional retaliation against Plaintiff by defen-dants "Bailey," Lee: Knox for filing grievances and a civil rights action and have caused Plaintiff further mental Anguish as a result. "Blackmon"

Wherefore, Johnson Prays for Judgment in his favor and damages in his favor against all defendants in an Amount sufficient to Compensate him for the Pain and mental Anguish suffered by him due to the deliberat in difference and intentional misconduct of defendants, but in no event less than $500,000, together with ████████ fees and Costs, and such Additional relief as the Court may deem just and Proper.

Respectfully submitted

Herman Tholor # 242188

Certificate of Service

I hereby certify that a copy of the above and fore-going has been served upon the following by U.S. mail, Postage Prepaid this the 8th day of feb. 2006,

Donal Campbell State of Ala.           office of the Clerk
Corrections "Research Monitoring       United States District Court
and Evaluation Post office Box         P.O. Box 711   Mont.Al. 36130-1501
301 501 Mont.Al. 36130-1501

-8- of [8]: Attachment