United States District Court
For The Middle District of Alabama
Northern Division

_____

Civ. Act. No. 02:05-CV-1157
WKW (WO)

Herman Paul Johnson #242189
    Plaintiff

-Against-

Donal Campbell, et. al.,
    Defendants

_____

<u>Plaintiff's Memorandum of Law in opposition
to order Feb. 9-2006 Summary Judgment</u>

Plaintiff Mr. Herman Paul Johnson [herein after Johnson] respectfully submits this Memorandum of Law in opposition to order for Judgment, through his Jail house lawyer 393 U.S. 483.

<u>Preliminary Statement</u>

On February 9th, 2006 United States District Judge W. Keith Watkins with respect to the Judicial System of the United States, Constitutional Courts original Jurisdiction, exclusive of Courts of the individual States, of all offenses against laws of the United States 255 F.2d 9, 13, and Jurisdiction exists in this suit 42 U.S.C.A. § 1983 between Litigants of 1: [City of Chio] being dismissed with Prejudice prior to service of process Pursuant to Provisions of 28 USCS 1915(e)(2)(B)(ii); And (3) "Yes," this case should be referred back to the Mag. Judge for additional Proceedings. "Chio", the Motion should not be dismissed, the relief in motion, in writing Conforms to the Federal Rules of Civil Procedure "8".

-1-

393 U.S. 483 Jm Sindo 7

Court/

## It is Surprising:

Magistrates ruling is clearly erroneous or contrary to law" 28 U.S.C. § 636 (b)(1)(A)... Written objections served 1-24-06 "Fed. R. Civ. P. 72(b): For Johnsons Action was referred to "Susan Russ Walker. "Supra 28 U.S.C. §." with Plaintiffs Jailhouse lawyer [393 US 483] will show that the Magistrates order is clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(A); 28 U.S.C. § 1331 and 1343 and 1343 [a][3]; 42 U.S.C.A. 1983; 1985; 1986, with Code of Alabama 1975 Jurisdiction over inmate Plaintiff's State law claims pursuant to 28 U.S.C. § 1367... Defendants and Magistrate are wrong on both law and the facts. Gomez V. United States 490 U.S. at 867-68, 874 n. 28. id at 871; See Also McKeever v. Block 932 F.2d 795, 799 (9th Cir. 91); See Also United States v. Williams 919 F.2d 266, 270-71 (6th Cir. 90); Henly v. Johnson 885 F.2d 790, 794 (11th Cir. 89); McKeever v. Block 932 F.2d 795, 799 (9th Cir. 91); 5 U.S.C. § 706(2)(A):

## Strict Proof thereof is demanded:

1. It was error to adopt the recommendation, "Supra", of the Magistrate 2-9-06. [see Preliminary statement "Supra".

First: Exh. #1-24-06 [bad faith of defendants] Correctional officers would not give Plaintiff proper paperwork - or let inmate out to get one at shift office. Ms Peters attached one for Plaintiffs file. Title 14 of the Code of Alabama Proscribes officers oath; care and treatment of prisoner's in the State of Alabama:

The defendants do not prevent such official misconduct and therefore deny Plaintiff "Equal Protection of the laws; Fourteenth Amendment of the United States Constitution, is purely arbitrary: 220 U.S. 61, 78.. Compelling interest "394 U.S. 618, 624; 351 U.S. 12, 19:

-2-     393 U.S. 483   [signature]

Second: On Feb. 9-2006 [The Plaintiff "Johnson"] filed count four: objection 1-24-06. Timely objection not necessarily contemporaneous to the selection of Magistrate. U.S. v. Stay 714 F.2d 1093, 1094 (11th Cir. 83); Clearly established law, and the magistrates report, U.S. v. Stay 714 F.2d 1093, 1095 (11th Cir. 83); See Small v. HHS, 892 F.2d 15, 16 (2d Cir. 89); U.S. v. Kye Soo Lee 848 F.2d 1034, 1039 N.6 (5th Cir. 90); objects to defendants "City of Clio, Alabama being dismissed, and officer Keeton's discrimination against plaintiff. 42 U.S.C. 1981; 1982 "Intra". Taylor v. Howe 280 F.3d 1210, 1212 (8th Cir.); He did not refuse to follow instructions of court rule. As indicated by the content of "Watkins order" the subsequent case, decision on a point of law exactly opposite to the decisions made in plaintiffs case, overrule order Feb. 9-2006. Sub silentio; Amend. 9, U.S. Constitution.

The overt act or acts in design, conspiracy looking to the accomplishment of a crime, 275 F.2d 813, 817; fueled by Walker's feelings or defendants hatred and disgust is malicious, sadistic, and for the very purpose of causing Johnson's harm.

"Finally," the supervising officer, W. Keith Watkins, United States District Judge, was deliberately indifferent to Johnson's "Prisoner rights". The Courts Magistrate was told what was going on. The Court chose to adopt the recommendation of the magistrate and do nothing to the violence of rights given, defined, and circumscribed, 42 U.S.C. §§ 1925; And discrimination in public accommodations. 42 U.S.C. §§ 2000 A. et. seq. or Civil disorder 18 U.S.C. § 232 or Civil Disobedience; Barnes 536 U.S. 181, 189;

Court

2. The Process of exercising Power of eminent domain, aggregate body of People in their sovereign capacity, gives a right to resume possession in the manner directed by the Constitution and the laws of the state, whenever the Public Interest requires it. The Judges Taking of Prisoners species of valuable right or interest, exclusive right to possess, use and dispose as well as the object, benefit, or prerogative which constitutes the subject matter of that right, 331 U.S. 1. If the Judges Taking of Property enforcing the government action directly interferes with clearly established laws of the United States, Statutes, 42 U.S.C. § 1983 Interferes with or Substantially disturbs the owner's use and enjoyment of the Property. Brothers v. U.S. C.A. 6r. 594 F.2d 740, 741, and Common law Action of trespass or trespass on the Case After defendant was "Stripped of his [legislative] justification"); cf. Leader v. Moxon, 2 Black. W. 924, 927; 96 Eng. Rep. 546, 547 (C.P. 1773) (Commissioners Acted outside statutory Authority and were thus liable in tort); Boulton v. Crowther, 2 Barn & Cress. 703, 707, 107 Eng. Rep. 544, 547 (K.B. 1824). Under these cases, there would be no recovery unless the Public officer interfering with the Property right was acting wholly without Authority. A Substantive due Process violation, a claim of wrong in the Sense of lack of Authority. Jacobs v. United States, 290 U.S. at 16, 78 L.Ed. 142, 54 S. Ct. 26; Smith v. Wade 461 U.S. 30, 51 (1983); Gregory v. Shelby County 220 F.3d 433, 445 (6th Cir. 2000); Kelly v. Curtis 21 F.3d 1544, 1557 (11th cir. 94);

-4-   393 U.S. 483   Jim Sanders

Luger v. Edmondson Oil Co. 457 U.S. 922, 937 (1982); Lopez v. Montery County (1999) 525 US 266, 142 L. Ed. 2d 728, 119 S. Ct. 693 at 750 N. 5-6. "Supra."; Pryor v. Reno 171 F. 3d 1281 (11th Cir. 99) at 1288. It is not essential that there be physical seizure or appropriation, and any actual or material interference with private property rights constitutes a taking. Board of Comr's. of Lake County v. Mentor Lagoons Inc. Com. Pl. 6 Ohio Misc. 126, 216 N.E. 2d 643, 646; Aris Gloves, Inc. v. U.S. Ct. cl. 420 F. 2d 1386; For example:

The Noise of Jet Aircraft in process of landing or taking off can amount to a "taking" or damaging of property for which the Constitution requires that compensation be made. Martin v. Port of Seattle. 391 P. 2d 540, 543; And Federal Statute "28 U.S.C. §636 "Magistrate" "Walker." And plaintiff "Herman Johnson": "Prisoner". Case No. 2:05-CV-1154-WKW, this case to which timely objections have been filed "1-30-06", And "1-24-06" Civ. Act. No. 02:05-CV-1157-WKW (WO) versus "Prisoner". See Overton v. Bazzetta (2003) 156 L Ed 2d 162, At 174; 123 S. Ct. 2162, 2173; Turner v. Safley 482 U.S. 78, 89 (1987); Challenging Conditions of Confinement. "defendants construction of 28 USC §636 (b)(1)(B) [28 USCS § 636 (b)(1)(B) to exclude prisoner petition alleging specific episodes of misconduct contravenes both language and legislative history of statute. Magistrates are appointed pursuant to Congress Power under Art. I. § 8. cl. 9 of the Federal Constitution to appoint tribunals inferior to the United States Supreme Court, and are not judges under Article III of the Constitution. They are officers of the District Courts and are subject to supervision by the district judges.

-5-   393 U.S. 483

Court

Please see generally 32 Am Jur 2d Federal Practice and Procedure § 121; and 8 Federal Procedure L.ed. Courts and Judicial Systems § 20:119: Marbury v. Madison 5 U.S. (1 cranch) 137 (1803) that it is "the Province and the duty of the Judicial department to say what the law is. Id: at 177-178:

In other legislation, Congress used the term "Conditions of Confinement" to mean ongoing situations. See 18 U.S.C. § 4013 (n)(4) [18 USCS § 4013 (A)(4)] (authorizing Attorney General to enter into Contracts "to establish Acceptible Conditions of Confinement in state facilities housing Federal detainees); 42 U.S.C. §§ 1997 A (A); 1997 C (A)(1) [42 USCS §§ 1997 C (A)(1)] authorizing Attorney General to initiate, or intervene in, injunctive actions challenging egregious or flagrant conditions in state prisons): District Court blunders pursuant to 28 U.S.C.S. § 636 by rule to confer or magistrate jurisdiction to enter injunction or final judgment. See United Steel Worker of America v. Bishop (1979) CA5 Al.) 598 F.2d 408, 1 BNA LRRM 2799, 86 CCHLC 11420.

Magistrate does not have Article III power to effect involuntary dismissal of action brought in District Court. Donovan v. Gingerbread house Inc. (1985, D.C. Colo. 166 F.R.D. 57. 42 USC §§ 3769 A (b), 3269 (A)(1) [42 USCS §§ 3769 A(b), 3769 b (A)(1)] (Requiring State Governments to develop a plan for… improving Conditions of Confinement as a Pre Condition to receiving federal funds to Relieve overcrowding (and) Substandard Conditions. See Porter v. Nussle (2002) 534 US 516, 152 L Ed 2d 12, 122 S Ct 983; McCarthy v. Bronson (1991): 500 US 136, 114 L. Ed. 2d 194, 111 S Ct 1737.

---

-6-    393 U.S. 483    Jmlm22

3: Title II of Americans with disability Act 42 USCS § 12131 ET. Seq. is Applicable to inmates in state prison since (1) state prisons fall squarely within definition in 42 U.S.C.S. § 12131(1)(B) of public entity subject to title II (2) sex of (ADA).

4:   State custody and federal statute providing that Every person who under color of any statute, ordinance, regulation, custom, or usage, of any state or territory, subjects, or causes to be subjected, any citizen of the United States, or causes to be subjected, any citizen of the United States or any other person within the Jurisdiction thereof to the Deprivation of any rights, Privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. In the Appearance or Semblance, without the substance, of legal right, Misuse of Power, possessed by virtue of state law and made possible only because wrongdoer is clothed with Authority of state, is Action Taken under "Color of state law." Baskin v. Parker 588 F. 2d 965 (1979); Baskin v. Parker 602 F. 2d 1205 (1979) at 1209 [Supra]; Continental Ill. Nat. Etc. v. Protos Shipping 472 F. Supp. 979 (1979) at 978 (supra); Atkins v. Lanning 556 F. 2d 485 (1977); Atkins v. Lanning 415 F. Supp. 186 (1976); When the Use in the Context of Federal Civil rights Statutes or Criminal Law, The term is synonymous with the Concept of "State Action" under the Fourteenth Amendment. Timson v. Weiner, D.C. Ohio, 395 F. Supp. 1344, 1347; and Means Pretense of Law and includes Actions of officers who undertake to Perform Their official Duties, Thompson v. Baker, D.C. Ark. 133 F. Supp. 247;

-7-

## FACTS

5. On or about Feb. 16th, Plaintiff fell leaving shower area in Unit 6b Unit around 7:Pm. Officer Drake and inmate Douglas Allen helped inmate off floor and C.O. Officer Drake ask Plaintiff if he was "Alright enough to make it to his bunk. Inmate Answered, "I guess so. And hobbled to his assigned bunk in excruciating pain. Herman is a white inmate. Officer Drake is a Black Correctional officer.

6. On the Morning of 2-17-06 Herman awoke with knee and ankle swelled, effected and swelled result and protest to officers that inmate could not walk to get medication (Diabetic). Officer sent inmate Runner after a wheel chair and wheeled inmate to the Hospital. Johnson arrived at the H.C.U. was led into holding cell and Black Correctional officer on duty around 5:Am Approached the holding cell and asked Herman why was he late getting his medication. Herman answered. "I couldn't walk. I was in such pain. Officer [Black] unknown at this time, "John Doe" threatened Herman that he would go to jail if he were late again, and asked Herman why an incident report was not filed. Inmate "Id" advised officer that he was not with or have the authority to tell the C.O. what to do. Instead, officer Drake commanded Herman to try to make it to his bunk with inmate Douglas Allens help. 2-17-06 As he waited to be processed. United States Steel Corp. v. Darby, 516 F.2d 961 (5th Cir. 75), Howard v. City of Greenwood 783 F.2d 1311 (5th Cir. 86); The Party opposing the motion may not rest upon mere allegations or denial in its pleadings, but must set forth the specific facts "Supra" Showing existence of a Genuine issue for trial. Anderson v. Liberty Lobby Inc. 477 U.S. 242, 248 (1986).

-8-

Cert/

7:  **Claims against the City of Clio:**

(i):  Plaintiffs' case establish the acts or omissions by the defendant. Code of Alabama. 1975 Title 14: Appears to be intentional or at the least deliberately indifferent to the constitutional or federal law rights of Plaintiff. Griffith v. Johnston 899 F.2d 1427, 1435 (5th Cir. 90).

Plaintiff states a cause of action for a due process violation under 1983; Plaintiff establishes that he was victim of the unequal treatment by officer Keeton on the basis of race. Access to public facilities." 42 U.S.C. § 1983, 18 U.S.C. § 245; The traditional view of the equal protection clause is that it creates a right to be free of discrimination by the state. See United States v. Hayes, 444 F.2d 472 (5th Cir.) Cert. denied 404 U.S. 882 (1971). These facts would be equally true if the victim were white, as Plaintiff." 42 U.S.C.A. § 1981; 1982; 18 U.S.C.A. § 242; 18 U.S.C.A. § 241; 42 U.S.C.A. § 1983; Bell v. Hood 327 U.S. 678, 66 S.Ct. 773, 70 L. Ed. 939 (1946); § 1983 "Should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions." Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L. Ed. 2d 619 (1971); Monroe v. Pape 365 U.S. 167, 81 S.Ct. 473, 5 L.ed 2d 492 (1961); Surely these interests can be impeded by private vigilantes as well as by state action. 49 U.S.C. § 3 (i). which has been held to apply to racial discrimination. The Civil Rights Act of 1964 deals with other types of obstructions on interstate commerce. Because Congress has wide authority to legislate in this area,

§ 9  393 U.S. 483   In Sunday *213453

it may be unnecessary to strain to find a dubious constitutional right. The Civil Rights Act of 1968, 18 U.S.C.A. § 245(b), penalizes all persons who interfere etc. United States v. Cruikshank, 92 U.S. 542 (1876); United States v. Guest 383 U.S. 745, 86 S.Ct. 1170, 16 L.Ed.2d 239 (1966); on whomever "whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with" any person because he is (B) participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States; (C) applying for or enjoying employment, or any perquisite thereof, by any agency of the United States; (D) serving, or attending upon any court in connection with possible service; (E) participating in or enjoying the benefits of any program or activity receiving federal financial assistance." with (2) any person because of his race, color, religion or national origin and because he is or has been (E) traveling in or using any any facility of interstate commerce, or using any vehicle, terminal, or facility of any common carrier; "See Carson v. Green 446 U.S. 14, 18-19 (1980); Lugar v. Edmondson Oil Co. 457 U.S. 922, 937 (1982). The claimed deprivation caused by another's exercise of a right or privilege created or imposed by the state, or undertaken by a person for whom the state is responsible; under the facts of the instant case, "Keeton" the private party characterized as a state actor. See also Am. Mfrs. Mut. Ins. Co. v. Sullivan 526 U.S. 40, 50 (1999); U.S. v. Classic 313 U.S. 299, 326 (1941); See also Parratt v. Taylor, 451 U.S. 527, 535 (1981); Monell v. Dept. of Soc. Servs. 436 U.S. 658 (1978); See e.g. Davis v. Rennie, 264 F.3d 86, 98

-10-

N.11 (1st Cir. 2002); Berger v. City of Mayfield Heights 265 F.3d 299, 40 5 (6th Cir. 2001)(city acted under color of state law when it issued criminal citation); Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303-07 (11th Cir. 01);

[ii]: The Court has held that to act under color of state law, a defendant need not be an officer of the state; it is sufficient that he or she "is a willful participant in joint activity with the state or its agents." Adickes v. S.H. Kress & Co. 398 U.S. 144, 152 (1970); See also Brentwood Acad. v. Tennessee Secondary Sch. Athletics Ass'n. 531 U.S. 288, 298 (2001); Abbott v. Latshaw 164 F.3d 141, 147-48 (3d Cir. 98);

[iii]: Pennhurst does not prohibit federal courts from awarding damages on state-law claims, or awarding any kind of relief against local government (cities and counties), Pennhurst State Sch. & Hosp. v. Halderman 465 U.S. 89, 106 (1984);

[iv]: Plaintiff was intentionally or recklessly deprived of the constitutionally protected interest [Barbers Dairy]. The Easterling Correctional Facility are liable. Barber's Dairy under Products Liability and Easterling Canteen, also liable in selling products that causes a personal injury. § 1983 does not create any rights. Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 99 S.Ct. 1905 (1929); See also Graham v. Connor 490 U.S. 386, 293-94, 109 S.Ct. 1865 (1989); Plaintiff realleges and incorporates by reference his allegations in paragraphs 1 through 6 as if fully restated herein paragraph 7:

8. Contrary to Susan Russ Walker, the Court's conclusion is in error, adopting Recommendation of Magistrate. In most cases "Person" means the same thing under §1983, serves to enforce rights that already exist in the Constitution or in other provisions of federal law. Violations of state or local law or prison regulations can be remedied under §1983 when they violate federal law rights. Barber v. City of Salem, Ohio, 953 F.2d 232, 240 (6th Cir. 92); Murphy v. Lane, 833 F.2d 106, 108 (7th Cir. 87); Morris v. McCotter, 773 F.Supp. 969, 973 (E.D. Tex. 1991); as in ordinary use. "However," a city or county government is also a person for purposes of §1983. Monnell v. Department of Social Services, 436 U.S. 658, 690, 98 S.Ct. 2018 (1978);

1. Defendants are those people who can reasonably be said to have "caused plaintiff to be subjected to a violation of law and (2) plaintiff's inclusion of defendants are well grounded in fact and... warranted by... law. Rule 11, Fed. R. Civ. P. See also Harden v. Peck, 686 F.Supp. 1254, 1263 (N.D. Ill. 1988).

9. There is no dispute that defendants were acting under color of state law.

## Conclusion

For the foregoing reasons, Defendants' Motion for Summary (court) Judgment should be denied.

DATED: 2-22-06                  Respectfully Submitted  Herman Johnson
Certified this 22-Feb-06        by Timothy Lee Lindsey #213453
Plaintiff Jail house Lawyer.    Declared 28 U.S.C. §1746.