# 2:05-CV-1157-WKW

# DEFENDANT'S SPECIAL REPORT & ANSWER
## PAGES 27 - 39

# BALCH & BINGHAM

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HERMAN PAUL JOHNSON, #242189, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. |
| DONAL CAMPBELL, COMMISSIONER ) | 2:05-CV-1157-WKW |
| OF THE ALABAMA DEPARTMENT OF ) | |
| CORRECTIONS, WARDEN MOSELY, ) | |
| DR. DARBOUZE, et al., ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO AMENDED COMPLAINT

COMES NOW, Defendant Dr. Jean Darbouze and answers the Amended Complaint filed by Plaintiff Herman Paul Johnson as follows:

### FACTUAL ALLEGATIONS

#### I.     Jurisdiction and Venue

1.     Dr. Darbouze admits Plaintiff filed a lawsuit pursuant to 42 U.S.C. § 1983. Dr. Darbouze denies all remaining allegations set forth in paragraph 1 and demands strict proof thereof.

2.     Dr. Darbouze admits that Easterling Correctional Facility is located in the City of Clio, Alabama. Dr. Darbouze denies all remaining allegations set forth in paragraph 2 and demands strict proof thereof.

#### II.     Parties

3.     Dr. Darbouze admits Plaintiff is an inmate incarcerated at Easterling.

89496.1                                                    27

4.    Dr. Darbouze admits that Plaintiff is an inmate incarcerated at Easterling. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of Plaintiff's Second Amended Complaint; as such, Dr. Darbouze denies the same and demands strict proof thereof.

5.    Dr. Darbouze admits that physicians practicing medicine in Alabama must at all times maintain a license to practice medicine. Dr. Darbouze denies the allegations in paragraph 5 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

6.    Dr. Darbouze is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations set forth in paragraph 6 of the Second Amended Complaint; as such, Dr. Darbouze denies the same and demands strict proof thereof.

7.    Dr. Darbouze is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations set forth in paragraph 7 of the Second Amended Complaint; as such, Dr. Darbouze denies the same and demands strict proof thereof.

8.    Dr. Darbouze is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations set forth in paragraph 8 of the Second Amended Complaint; as such, Dr. Darbouze denies the same and demands strict proof thereof.

9.    Dr. Darbouze is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations set forth in paragraph 9 of the Second Amended Complaint; as such, Dr. Darbouze denies the same and demands strict proof thereof.

10.   Dr. Darbouze is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations set forth in paragraph 10 of the Second Amended Complaint; as such, Dr. Darbouze denies the same and demands strict proof thereof.

11. Dr. Darbouze is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations set forth in paragraph 11 of the Second Amended Complaint; as such, Dr. Darbouze denies the same and demands strict proof thereof.

12. Dr. Darbouze is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations set forth in paragraph 12 of the Second Amended Complaint; as such, Dr. Darbouze denies the same and demands strict proof thereof.

### III. Facts

13. Dr. Darbouze admits that Plaintiff is diabetic. Dr. Darbouze is without knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the Second Amended Complaint that Plaintiff was threatened and abused by other inmates at Easterling; as such, Dr. Darbouze denies the same and demands strict proof thereof. As for the remaining allegations in paragraph 13 of the Complaint, Dr. Darbouze denies those allegations and demands strict proof thereof.

14. Dr. Darbouze admits that Plaintiff completed a sick call request form requesting glasses. Dr. Darbouze denies all allegations set forth in paragraph 14 of the Complaint and demands strict proof thereof.

15. Dr. Darbouze admits that Plaintiff has problems with the circulation in his feet. As for the remaining allegations in paragraph 15 of the Complaint, Dr. Darbouze denies those allegations and demands strict proof thereof.

16. Dr. Darbouze admits that Plaintiff has an arthritic knee. Dr. Darbouze denies all allegations set forth in paragraph 16 of the Complaint and demands strict proof thereof.

17. Paragraph 17 is a statement of law and requires no response.

18. Dr. Darbouze denies all allegations set forth in paragraph 18 of the Complaint and demands strict proof thereof.

19. Dr. Darbouze is without knowledge or information sufficient to form a belief as to the allegations in the first paragraph 19 of the Second Amended Complaint; as such, Dr. Darbouze denies the same and demands strict proof thereof.

20. Dr. Darbouze is without knowledge or information sufficient to form a belief as to the allegations in the second paragraph 19 of the Second Amended Complaint; as such, Dr. Darbouze denies the same and demands strict proof thereof.

21. Dr. Darbouze is without knowledge or information sufficient to form a belief as to the allegations in the paragraph 20 of the Second Amended Complaint; as such, Dr. Darbouze denies the same and demands strict proof thereof.

22. Page 5 of the Second Amended Complaint, which apparently includes paragraphs 21 and 22 of the Second Amended Complaint, is missing. As such, Dr. Darbouze is without knowledge or information sufficient to form a belief as to the allegations in the paragraphs 21 and 22 of the Second Amended Complaint; as such, Dr. Darbouze denies the same and demands strict proof thereof

23. Dr. Darbouze is without knowledge or information sufficient to form a belief as to the allegations in paragraph 23 of the Second Amended Complaint; as such, Dr. Darbouze denies the same and demands strict proof thereof.

24. Dr. Darbouze admits that Plaintiff completed a sick call request form requesting glasses. As to the remaining allegations in paragraph 24 of the Second Amended Complaint, Dr. Darbouze denies those allegations and demands strict proof thereof.

25. Dr. Darbouze admits that Plaintiff signed a waiver on November 7, 2005, stating that Plaintiff refused to take any further blood pressure pills until he saw a doctor. As to the rest of the allegations in paragraph 25 of the Second Amended Complaint, Dr. Darbouze denies those allegations and demands strict proof thereof.

### IV. Allegations

26. To the extent that paragraph 26 of the Second Amended Complaint attempts to state that practicing physicians must be licensed, Dr. Darbouze admits the allegation and further states that he has been a licensed physician since 1980. As to the rest of the allegations in paragraph 26 of the Complaint, Dr. Darbouze denies those allegations and demands strict proof thereof.

27. Dr. Darbouze admits that Plaintiff suffers from arthritic pain in his knee. As to the rest of the allegations in paragraph 27 of the Complaint, Dr. Darbouze denies those allegations and demands strict proof thereof.

28. Dr. Darbouze is without knowledge or information sufficient to form a belief as to the allegations relating to the requirements of the Easterling Correctional Facility in paragraph 28 of the Second Amended Complaint; as such, Dr. Darbouze denies the same and demands strict proof thereof. As to the rest of the allegations in paragraph 28 of the Second Amended Complaint, Dr. Darbouze denies those allegations and demands strict proof thereof.

29. Dr. Darbouze denies the allegations in paragraph 29 of the Second Amended Complaint and demands strict proof thereof.

30. Dr. Darbouze denies the allegations in paragraph 30 of the Second Amended Complaint and demands strict proof thereof.

31.     Dr. Darbouze is without knowledge or information sufficient to form a belief as to the allegations in paragraph 31 of the Second Amended Complaint; as such, Dr. Darbouze denies the same and demands strict proof thereof.

32.     In paragraph 32 of the Second Amended Complaint, Plaintiff realleges the allegations in paragraphs 1 through 31 of the Second Amended Complaint; as such, no further response from Dr. Darbouze is required.

33.     Dr. Darbouze admits that he X-rayed Plaintiff's knee and that the X-rays indicated no abnormalities in the knee. As to the remaining allegations made by Plaintiff in paragraph 33 of the Second Amended Complaint, Dr. Darbouze denies those allegations and demands strict proof thereof.

34.     Dr. Darbouze is without knowledge or information sufficient to form a belief as to the allegations in paragraph 34 of the Second Amended Complaint; as such, Dr. Darbouze denies the same and demands strict proof thereof.

35.     Dr. Darbouze is without knowledge or information sufficient to form a belief as to the allegations in paragraph 35 of the Second Amended Complaint; as such, Dr. Darbouze denies the same and demands strict proof thereof.

36.     It appears that Plaintiff incorrectly numbered the paragraphs in his Second Amended Complaint. As such, there is no paragraph 36. Dr. Darbouze is without knowledge or information sufficient to form a belief as to the allegations in paragraph 37 of the Second Amended Complaint; as such, Dr. Darbouze denies the same and demands strict proof thereof.

37.     Dr. Darbouze is without knowledge or information sufficient to form a belief as to the allegations in paragraph 38 of the Second Amended Complaint; as such, Dr. Darbouze denies the same and demands strict proof thereof.

38. In paragraph 39 of the Second Amended Complaint, Plaintiff realleges the allegations in paragraphs 1 through 38 of the Second Amended Complaint; as such, no further response from Dr. Darbouze is required.

### V.     Prayer for Relief

Dr. Darbouze denies each and every prayer for relief set forth in the Second Amended Complaint. Likewise, Dr. Darbouze states that Plaintiff is not entitled to any of the requested relief.

### AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

### Third Defense

Plaintiff's claims are barred by the doctrine of assumption of risk.

### Fourth Defense

Plaintiff's claims are barred by the doctrine of laches.

### Fifth Defense

Plaintiff's claims are barred by the statute of limitations.

### Sixth Defense

Plaintiff's claims are barred by the doctrine of waiver.

### Seventh Defense

The Court lacks subject matter jurisdiction over this dispute.

### Eighth Defense

This Court is the improper venue in which to assert this action.

### Ninth Defense

Plaintiff lacks standing to bring this action.

### Tenth Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Eleventh Defense

Plaintiff's claims are barred by the doctrine of qualified immunity.

### Twelfth Defense

Plaintiff's claims are barred by the doctrine of sovereign immunity.

### Thirteenth Defense

Plaintiff's claims are barred by the doctrine of estoppel.

### Fourteenth Defense

Plaintiff's claims are barred by the doctrine of *res judicata* and/or collateral estoppel.

### Fifteenth Defense

Plaintiff's claims are barred, in whole or in part, because of his failure to mitigate damages.

### Sixteenth Defense

Dr. Darbouze avers that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of person and/or entities for whom or which Dr. Darbouze is not responsible.

### Seventeenth Defense

Plaintiff's claims are barred because Dr. Darbouze did not breach any duty Defendant allegedly owed to Plaintiff.

### Eighteenth Defense

Plaintiff's claims are barred because there is no casual relationship, legal or proximate, between Dr. Darbouze's actions or failures to act and the Plaintiff's alleged injuries and damages.

### Nineteenth Defense

Plaintiff's claims are barred because of the existence of superseding, intervening causes.

### Twentieth Defense

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against Dr. Darbouze.

### Twenty-First Defense

Plaintiff has failed to exhaust or attempt to exhaust administrative remedies. 42 U.S.C. § 1997e (a) (2005).

### Twenty-Second Defense

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c) (1) (2005).

### Twenty-Third Defense

Plaintiff's claims are barred because no personal, physical injury has been alleged and/or suffered by Plaintiff. 42 U.S.C. § 1997e(e) (2005).

### Twenty-Fourth Defense

Plaintiff's claims are barred because the injunctive relief sought is not sufficiently narrowly drawn. 18 U.S.C. § 3626(a)(1)(A) (2005).

### Twenty-Fifth Defense

Plaintiff's claims are barred because Dr. Darbouze did not act with deliberate indifference. Estelle v. Gamble, 429 U.S. 97 (1976).

### Twenty-Sixth Defense

Plaintiff's claims are barred because of his failure to allege the existence of a serious medical condition.

### Twenty-Seventh Defense

Plaintiff's claims are barred because he is seeking to question medical judgment via injunctive relief.

### Twenty-Eighth Defense

To the extent Plaintiff seeks to recover any attorneys' fees, Dr. Darbouze objects to any and all such requests for fees that are not asserted in the Complaint or otherwise approved by court order.

### Twenty-Ninth Defense

Plaintiff's claims for punitive damages violate Dr. Darbouze's United States and Alabama constitutional protections from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law.

### Thirtieth Defense

To the extent Plaintiff is claiming punitive damages against Dr. Darbouze, Dr. Darbouze states as follows:

The award of punitive damages as claimed by plaintiff violates Article I, § 10[1] and/or the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments of the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901 on the following separate and several grounds:

    a.    The civil procedures pursuant to which punitive damages are awarded may wrongfully result in a punishment by a punitive damages award after the fact.

  b. The civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

  c. The civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

  d. The civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendants.

  e. The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

  f. The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

  g. The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

  h. The civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

  i. The civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

  j. The civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

  k. The standards of conduct upon which punitive damages are awarded are vague.

l. The civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

m. The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

n. The civil procedures pursuant to which punitive damages are awarded permit the imposition or arbitrary, capricious or oppressive penalties.

o. The civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury in the award of punitive damages

### Thirty-First Defense

Dr. Darbouze reserves the right to assert other defenses as discovery proceeds.

Respectfully submitted on this the 24th day of March, 2006.

/s/ Deanna S. Smith
One of the Attorneys for Medical Defendants

**OF COUNSEL:**

David B. Block
William R. Lunsford
Deanna S. Smith
BALCH & BINGHAM LLP
Post Office Box 18668
Huntsville, AL 35804-8668
Telephone: (256) 551-0171
Facsimile: (256) 512-0119

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected by email to the CM/ECF participants or by postage prepaid first class mail to the following this the 24th day of March, 2006:

Herman Paul Johnson
AIS # 242189
Easterling Correctional Facility
Dorm 6b
200 Wallace Dr.
Clio, AL  36017

Commissioner Donal Campbell
Department of Corrections
P.O. Box 301501
301 Ripley Street
Montgomery, AL  36130

Warden Gwen Mosely
Easterling Correctional Facility
200 Wallace Dr.
Clio, AL  36017

Officer Keeton
Easterling Correctional Facility
200 Wallace Dr.
Clio, AL  36017

Officer Smith
Easterling Correctional Facility
200 Wallace Dr.
Clio, AL  36017

Officer Crawford
Easterling Correctional Facility
200 Wallace Dr.
Clio, AL  36017

/s/ Deanna S. Smith
Of Counsel